IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICHARD BASCIANO, d/b/a 303 WEST 42nd STREET REALTY,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | NO. 2:11-cv-1250-JD |
| v. | : | |
| **L&R AUTO PARKS, INC.; ENTERPRISE PARKING COMPANY, LLC, t/a FIVE STAR PARKING, a California General Partnership; and FIVE STAR PARKING, a California General Partnership,** | : | |
| **Defendants.** | : | |

**DuBOIS, J.**                                                                                                          **August 3, 2012**

# M E M O R A N D U M

## I. INTRODUCTION

  In this contract action, plaintiff Richard Basciano alleges that Five Star Parking[1] ("Five Star" or "Partnership") failed to pay the full amount of rent due under a lease agreement for a parking garage. Five Star is a California general partnership. L&R Auto Parks, Inc. ("L&R") and Enterprise Parking Company, LLC ("Enterprise") are located in California and are the general partners of Five Star.

  Presently before the Court are the parties' memoranda of law regarding choice of law. For the reasons that follow, the Court concludes that Pennsylvania law applies to all of plaintiff's claims against all defendants.

---

[1] According to defendants, Five Star Parking is now known as LR FSP. To avoid confusion, the Court will refer to Five Star Parking as "Five Star" or the "Partnership" in this Memorandum.

**II. BACKGROUND**

The facts of this case are set forth in prior opinions of the Court. Basciano v. L&R Auto Parks, Inc., No. 2:11-cv-1250, 2012 WL 440653 (E.D. Pa. Feb. 10, 2012); Basciano v. L&R Auto Parks, Inc., No. 2:11-cv-1250, 2011 WL 6372455 (E.D. Pa. Dec. 20, 2011). The background will be repeated in this Memorandum only as necessary to explain the Court's choice-of-law ruling.

The Partnership is a general partnership formed under California law with business addresses at 515 South Flower Street, Suite 3200, Los Angeles, California, and 618-634 Market Street, Philadelphia, Pennsylvania. L&R and Enterprise are the only two general partners of the Partnership. L&R is a California corporation that maintains a place of business at 515 South Flower Street, Suite 3200, Los Angeles, California. Enterprise is a California limited liability company with the same address as L&R.

Plaintiff and the Partnership entered into a series of leases for a parking garage at 618-634 Market Street, Philadelphia, Pennsylvania, with plaintiff as lessor and the Partnership as Lessee. Five Star's Senior Vice President, Germane Sahle, acted as the representative for Five Star in the negotiations and execution of the leases. Plaintiff alleges that the Partnership failed to pay the full amount of rent due under those leases. Plaintiff filed this action against the Partnership and its general partners—L&R and Enterprise—for breach of contract.

Defendants filed a Memorandum of Law Regarding Choice of Law in which they argue that California law should apply to plaintiff's claims against the General Partners, L&R and

Enterprise.[2] Plaintiff argues that Pennsylvania law applies to all of his claims against all defendants.

**III. DISCUSSION**

Because plaintiff bases his claims against L&R and Enterprise solely on their status as general partners of Five Star, the question at issue is whether California or Pennsylvania law should be used in determining the liability of general partners for the debts of the partnership. Federal courts exercising diversity jurisdiction must apply the choice-of-law rules of the forum state. See On Air Entm't Corp. v. Nat'l Indem. Co., 210 F.3d 146, 149 (3d Cir. 2000) (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496–97 (1941)). Therefore, Pennsylvania choice-of-law rules apply to this case.

Pennsylvania follows the Restatement (Second) of Conflict of Laws. See Griffith v. United Air Lines, Inc., 203 A.2d 796, 801–06 (Pa. 1964); Gillan v. Gillan, 345 A.2d 742, 744 (Pa. Super Ct. 1975); Principal Life Ins. Co. v. DeRose, No. 1:08-CV-2294, 2011 WL 4738114, at *8 (M.D. Pa. Oct. 5, 2011).[3] Section 295(2) of the Restatement explains that "[w]hether a general partner is bound by action taken on behalf of the partnership by an agent in dealing with a third person is determined by the local law of the state selected by the application of the rule of § 292." Section 292 states that "[t]he principal will be held bound by the agent's action if he

---

[2] Defendants do not dispute that Pennsylvania law applies to plaintiff's claims against the Partnership.

[3] As explained below, the analysis in this case focuses on Sections 292 and 295 of the Restatement (Second) of Conflict of Laws, which deal with choice of law in the agency and partnership contexts, respectively. The Pennsylvania Supreme Court has not expressly adopted either of these sections. This Court predicts that the Pennsylvania Supreme Court would adopt those sections of the Restatement given its early adoption of the central tenets of the Restatement in Griffith. See Norfolk S. Ry. Co. v. Basell USA Inc., 512 F.3d 86, 91–92 (3d Cir. 2008) (explaining that a federal court sitting in diversity must "predict how the [state supreme court] would rule if it were deciding this case").

would so be bound under the local law of <u>the state where the agent dealt with the third person</u>, provided at least that the principal had authorized the agent to act on his behalf in that state or had led the third person reasonably to believe that the agent had such authority" (emphasis added). In other words, where a general partner authorizes an agent for the partnership to enter into a contract with a third party, a court should apply the law of the state in which the agent interacted with the third party to determine whether the general partner is bound by the agent's actions.

In this case, L&R and Enterprise are the only general partners of Five Star. It is undisputed that they authorized Sahle to enter into the Leases with plaintiff. Sahle did so in Pennsylvania. Thus, the Court will apply Pennsylvania law to determine whether L&R and Enterprise are liable to plaintiff, should Five Star itself be liable. <u>See</u> Restatement (Second) of Conflict of Laws § 295 ill. 2.[4]

Defendants cite a number of cases holding that, "[u]nder Pennsylvania's choice of law rules, the existence and extent of the liability of a shareholder for . . . the payment of debts of the corporation, is determined by the law of the state of incorporation." <u>In re Sch. Asbestos Litig.</u>, No. 83-0268, 1993 WL 209719, at *3 (E.D. Pa. June 15, 1993); <u>see also</u> <u>ProtoComm Corp. v. Novell, Inc.</u>, 55 F. Supp. 2d 319, 329 (E.D. Pa. 1999); <u>Broderick v. Stephano</u>, 171 A. 582, 583 (Pa. 1934). <u>School Asbestos</u> and <u>ProtoComm</u> apply Restatement (Second) of Conflict of Laws § 307, which states, "The local law of the state of incorporation will be applied to determine the

---

[4] On December 20, 2011, the Court issued a Memorandum and Order concluding that it had personal jurisdiction over L&R and Enterprise. The Court based its reasoning in part on California partnership law, which makes all partners jointly and severally liable for the debts of the partnership. <u>See</u> Cal. Corp. Code § 16306. Both Pennsylvania and California, as a general matter, make general partners personally liable for the debts of the partnership, <u>compare</u> <u>id.</u>, <u>with</u> 15 Pa. Cons. Stat. Ann. § 8327.

existence and extent of a shareholder's liability to the corporation for assessments or contributions and to its creditors for corporate debts."

Defendants argue that, because "partners and shareholders merely represent different forms of ownership in corporate entities[, t]he choice of law analysis related to either should not differ." (Defs.' Mem. Law Regarding Choice of Law 3.) The Court rejects this argument. There are substantial differences between shareholders and general partners. Most importantly, shareholders, unlike general partners, do not actively manage a business and generally cannot prevent a corporation from incurring debts in other state. Thus, it would be inappropriate to subject shareholders to the laws of other states in which they may not have specifically authorized the corporation to do business. See Restatement (Second) of Conflict of Laws § 307 cmt. a. The Restatement applies the same rationale to limited partners, who also do not actively manage the business. Id. § 295(3) & ill. 1. In contrast, it is appropriate to apply a foreign state's law to determine the liability of general partners to third parties because general partners play an active role in managing the business. The Restatement wisely distinguishes between passive participants such as shareholders, id. § 307, and limited partners, id. § 295(3), and active participants such as general partners, id. § 295(2).

In arguing that the Court should apply the rule for shareholders in the general-partnership context, defendants cite U.S. Small Business Administration v. Propper, No. 03-5982, 2009 WL 579382 (E.D. Pa. Mar. 5, 2009). In Propper, the court held that the liability of the general partner of a Connecticut general partnership would be decided under Connecticut law even though the transaction giving rise to the liability took place in New Jersey. Propper is distinguishable and unpersuasive. Propper did not cite the Restatement or other authority to determine which law applies other than a passing reference to the New Jersey choice-of-law rules in a footnote. Id. at

5

*3 n.4. The footnote stated that "New Jersey's choice of law rules dictate that a corporation's state of incorporation governs its internal affairs." Id. (emphasis added). First, Propper is distinguishable because it applied New Jersey choice-of-law rules rather than Pennsylvania choice-of-law rules, which apply in this case.[5] Second, Propper is unpersuasive because it failed to address the distinction, made clear by the Restatement, between shareholders and general partners. Accordingly, the Court declines to follow Propper and instead adopts the Restatement view, which it concludes is the proper analysis in this case.

## IV. CONCLUSION

For the reasons stated above, the Court will apply Pennsylvania law to all of plaintiff's claims against all three defendants.

BY THE COURT:

/s/ Hon. Jan E. DuBois

_____

**JAN E. DUBOIS, J.**

---

[5] The Propper court did not explain why it applied New Jersey choice-of-law rules rather than Pennsylvania choice-of-law rules.